UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEPHANIE TRUNELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BAYER HEALTHCARE ) <br> PHARMACEUTICALS, INC., ) <br> ) <br> Defendant. | Case No.   13-cv-1468 |

## O R D E R  &  O P I N I O N

This matter is before the Court on the Court's own motion. For the reasons stated below, this matter is dismissed with prejudice for failure to comply with the Court's Order of February 10, 2014 that directed Plaintiff to comply with Local Rule 16.3(K).

Plaintiff, proceeding through counsel, filed her Complaint on October 2, 2013. (Doc. 1). To date, it seems that no summonses were issued and that Defendant has never been served. No one for the Defendant has filed an appearance in this matter. On January 7, 2014, counsel for Plaintiff filed a motion to withdraw. (Doc. 2). In the motion, Plaintiff's counsel explained that they have not been able to contact Plaintiff by any means despite numerous attempts and only have a Post Office Box address to send her correspondence. (Doc. 2 at 2). On February 10, 2014, the presiding Magistrate Judge issued an Order granting the motion to withdraw, directing Plaintiff's former counsel to send Plaintiff a copy of the Court's order at her last known address, and directing Plaintiff to contact this Court with a current

address and telephone number within twenty-one days. (February 10, 2014 Minute Entry). The presiding Magistrate Judge explicitly warned Plaintiff in the minute entry order that her failure to contact this Court with a current address and telephone number within twenty-one days would result in the dismissal of her case for lack of prosecution. (*Id.*). On February 11, 2014, Plaintiff's former counsel filed with the Court a notice of compliance with a copy of a certified letter attached that was addressed to the last known address of Plaintiff. (Doc. 3). The letter clearly informed Plaintiff that she was no longer represented and that she had to contact this Court with a current address and telephone number if she still wished to pursue her case. (Doc. 3-1 at 1).

Twenty-nine days have now passed since the entry of the Order directing Plaintiff to contact this Court with a current address and telephone number. Consequently, the Court is left with no other impression than the Plaintiff has 1) ignored the Court's Order of February 10, 2014, and 2) is unwilling to prosecute her case. Therefore, the Court, on its own motion, dismisses the case with prejudice. Fed. R. Civ. Pro. 41(b); *see Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

IT IS THEREFORE ORDERED that this matter is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. CASE TERMINATED.

Entered this <u>11th</u> day of March, 2014.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge